UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LLOYD GEORGE MAXWELL, | ) | CASE NO. 4:07 CV 2472 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On August 15, 2007, pro se plaintiff Lloyd George Maxwell filed this action against the United States. In the complaint, plaintiff alleges that his criminal sentence of imprisonment violates his Sixth, Eighth and Fourteenth Amendment rights. He asks this court to vacate his criminal sentence and award him $10,450,000.00 in damages.

**Background**

Mr. Maxwell is a federal prisoner currently incarcerated in the Northeast Ohio Correctional Center ("NEOCC"). He contends that when he was sentenced on November 12, 1993 in the United States District Court for the Northern District of Virginia, the court used criminal history category III rather than criminal history category I to arrive at a term of 240 months incarceration. He claims that if the court had used category I, he would have received a sentence of 203 months. He concludes that after subtracting good time credits from the 203 months to which

he believes he should have been sentenced, he should have completed his sentence in March 2007 and been released. He filed an administrative tort claim with the United States Department of Justice on June 10, 2007. The claim was denied on July 6, 2007.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, it is not clear what type of claim Mr. Maxwell seeks to assert. He mentions that he filed an administrative tort claim which suggests that he may be attempting to pursue a claim under the Federal Tort Claims Act, 28 U.S.C. § 1346. He also contends that his sentence violated his constitutional rights, which sounds more like an attempt to pursue a Bivens[2] action. Regardless of which of these legal theories he seeks to utilize to raise his claim, however, he cannot proceed with a challenge to his sentence.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

[2] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

A prisoner may not raise claims under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Plaintiff does not allege his continued confinement has been declared invalid by the federal court which sentenced him or by a federal habeas corpus decision. His claims must therefore be dismissed.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith**.**

IT IS SO ORDERED.

S/Peter C. Economus - 11/19/07
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE